## APPEAL OF BOONVILLE NATIONAL BANK.

Docket No. 2332.    Submitted May 9, 1925.    Decided July 14, 1925.

The taxpayer bought up all the stock of a competitor at the market price. It attributed a part of the purchase price to an agreement on the part of certain officers of the competitor not to compete for ten years. *Held*, that, in the circumstances, it may not depreciate the payment so attributed to such agreement, the difference between book value and purchase price representing good will of the company, the stock of which was purchased.

*John G. Jaeger, Esq.*, for the taxpayer.
*B. G. Simpich, Esq.*, for the Commissioner.

Before Ivins, Marquette, and Morris.

This appeal is from a determination by the Commissioner of deficiencies in income taxes for the years 1918 to 1921, inclusive, as follows:

|  | Deficiency | Over assessment |
|---|---|---|
| 1918 | $1, 122. 08 | ------- |
| 1919 | -------- | $467. 66 |
| 1920 | -------- | 83. 48 |
| 1921 | 1, 145. 55 | ------- |
| Total | 2, 267. 63 | 551. 14 |
| Net deficiency | 1, 716. 49 | |

FINDINGS OF FACT.

1. The taxpayer is a corporation organized and doing business under the laws of the United States, with its principal place of business at Boonville, Cooper County, Mo.

2. The Farmers Bank of Boonville was a corporation organized under the laws of the State of Missouri, having a capital stock of 1,000 shares, of $100 par value each.

3. On or about August 12, 1918, F. S. Sauter and W. W. Kingsbury, officers of the Boonville Bank and owners of 501 out of the 1,000 shares of the capital stock of that bank, executed an agreement with the taxpayer by which they agreed, at the option of the taxpayer, to sell 501 shares of the stock of the Farmers Bank of Boonville at the price of $200 per share, the taxpayer agreeing that in case it should exercise the option it would also purchase any or all of the remaining shares from the various stockholders at the same price per share, if said stockholders should care to sell their respective shares or any of them at said price. The contract further provided:

It is further agreed that if this option is exercised, the first parties for the consideration of the premium of sixty six dollars per share above book value of said Farmers Bank agree not to engage or become interested, directly or indirectly, in any institution receiving deposits, other than the Boonville National Bank, or its successor, for the next ten years in Cooper County, Missouri, or at New Franklin, Missouri.

The option was exercised and the taxpayer purchased 501 shares of the stock of the Farmers Bank from Sauter and Kingsbury and 499 shares from the other stockholders, all at $200 per share. Of the aggregate purchase price of $200,000 the taxpayer attributed $72,-400.51 to the acquisition of a right to be free from competition on

the part of Sauter and Kingsbury for ten years, and in preparing its income and profits-tax returns claimed as a deduction in each year one-tenth of that sum or $7,240.05. The Commissioner disallowed this deduction and restored the sum so deducted to income, his action resulting in the determination of the deficiency appealed from.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

IVINS: The market value of the stock of the Farmers Bank was $200 per share, as is evidenced by the fact that the taxpayer paid to others than Sauter and Kingsbury $200 per share for 499 shares. The taxpayer in its income-tax returns attempted to amortize $72.40 of the price paid for every share bought from Sauter and Kingsbury, and further to amortize the same amount for every share bought from every other stockholder, upon the theory that this amount was being paid Sauter and Kingsbury for refraining from competition for ten years, although only Sauter and Kingsbury were agreeing to refrain from competition and they were only selling 501/1000 of the stock. If the taxpayer is to be permitted to do this, or if it were even to be permitted to amortize the part of the purchase price paid for the stock of Sauter and Kingsbury attributed by it to the agreement to refrain from competition, on the sole ground that the written option contained the language it does, there would be no reason why a taxpayer making a similar purchase could not arbitrarily attribute 99 per cent of the purchase price to such an agreement to refrain from competition and thus be in a position to amortize its capital for purposes of taxation at the same time that it actually retained it intact.

The taxpayer urges that, since the book value of the stock was considerably less than the price paid, the difference is properly attributable to something and the only thing acquired was the agreement of Sauter and Kingsbury not to compete. But the market value of bank stocks is frequently higher than book value, the difference representing good will. No evidence has been presented to us to show that the market value of the stock of the Farmers Bank of Boonville was less than $200 per share. On the contrary, the fact that the taxpayer gave $200 a share for 499 shares of it to persons who had nothing to transfer except the stock itself constitutes at least *prima facie* evidence that the stock had a market value of $200 per share.

The stock being worth $200 a share, we can not see how any part of the purchase price can be reasonably attributed to the agreement of Sauter and Kingsbury not to compete, and this makes it unnecessary for us to go into the question of whether consideration paid for such an agreement can be amortized over the period of the agreement. We regard the difference between book value and the purchase price as having been paid for the good will of the Farmers Bank of Boonville.